**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------x
JAS FORWARDING (USA), INC.            :
                                      :         **SUMMONS**
         Plaintiff,                   :
                                      :         Index Number
              -against-               :
                                      :         604297/2017
OWENS TRUCKMEN, INC. and              :
OWENS LOGISTICS GROUP, LLC:           :         Date Index Number
                                      :         Purchased
                                      :         May 15          , 2017
         Defendants.                  :
-----------------------------------------------------------x

To the Person(s) Named as Defendant(s) above:

   PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

   YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: May 15, 2017

                              By: /s/ Andrew Spector
                              Andrew R. Spector (ARS-3887)
                              SPECTOR RUBIN, P.A.
                              43 West 43rd Street, Ste. 147
                              New York, N.Y. 10036
                              Tel: (305) 537-2000
                              Fax: (305) 537-2001
                              Andrew.spector@spectorrubin.com
                              *Attorneys for Plaintiff*

Defendant(s):  Owens Truckmen, Inc., 81 Sunrise Hwy # 202, Lynbrook, NY 11563
               Owens Logistics Group, LLC, 81 Sunrise Hwy # 202, Lynbrook, NY 11563

Venue:  Plaintiff(s) designate(s) Nassau County as the place of trial. The basis of this designation is: X Other **[See CPLR § 503]**: residence of defendants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------x
JAS FORWARDING (USA), INC.

        Plaintiff,

        -against-

OWENS TRUCKMEN, INC. and
OWENS LOGISTICS GROUP, LLC

        Defendants.
---------------------------------------------------------------x

Index No. 604297/2017

**COMPLAINT**

    Plaintiff, JAS FORWARDING (USA), INC. (hereinafter referred to as "JAS") by and through its undersigned attorneys, sues Defendants, OWENS TRUCKMEN, INC. (hereinafter referred to as "OTI") and OWENS LOGISTICS GROUP, LLC (hereinafter referred to as "OLG") and alleges:

### INTRODUCTION

1. This lawsuit is brought to recover amounts owed to JAS by Defendants based upon Defendants' breach of express promises, fraud and services failures.

### JURISDICTION AND VENUE

2. JAS is a corporation existing under the laws of the State of Georgia, with its principal place of business located at 6165 Barfield Road, Atlanta, Georgia, 30328.

3. OTI is a corporation existing under the laws of the State of New York, with its principal place of business at 81 Sunrise Hwy # 202, Lynbrook, NY 11563.

4. OLG is also a corporation existing under the laws of the State of New York, with its principal place of business at the same location as OTO, 81 Sunrise Hwy # 202, Lynbrook, NY 11563.

5. This Court has personal jurisdiction over the defendants and venue is appropriate since Defendants are located in this State and venue.

6. Jurisdiction is appropriate in this Court as JAS seeks recovery of over $15,000.

## STATEMENT OF FACTS

7. JAS retained OTI to provide services relating to the unpacking, storage and transportation of a shipment of cargo consisting of mascara.

8. The cargo had arrived at the Port of New Jersey via ocean from Italy.

9. OTI received the cargo and brought same to its warehouse for ultimate delivery to Howell, Michigan.

10. OTI was retained to unload the cargo from the ocean container, load it onto its truck and transport same from the port terminal to Michigan.

11. Importantly, the pickup order was sent from JAS to "Owens Truckmen Incorporated".

12. The pickup order and the ocean bill of lading were provided to OTI, which reflected that the shipment consisted of 21 pallets.

13. Upon delivery in Michigan, however, it was discovered that three (3) pallets of cargo containing some 23,328 sets of mascara had gone missing.

14. The shipment was contained in a container with a seal which had not been opened until it reached OTI's facility.

15. At no time did OTI make any exceptions to the quantity of the cargo it received.

16. At no time did OTI notify JAS that the quantity received was less than indicated on the pickup order.

17. JAS's customer made a claim against JAS for the missing cargo, in the amount of $21,788.35.

18. Thereafter, JAS contacted OTI to attempt to resolve the claim with JAS's customer.

19. After many email exchanges, OTI advised JAS to "send copy of the invoice to Jim (in Copy) We will submit to insurance and get this paid for you guys."

20. "Jim" then confirmed to JAS "Please send simply me an invoice for the claimed items and a brief explanation of the basis for the claim. I will immediately pass them on to our insurance company for settlement."

21. In reliance on this representation, JAS paid the claim to its customer.

22. Following these exchanges, however, OTI denied ever making such a promise (although same were in writing). Further, it was later learned that OTI had <u>never</u> even submitted the claim to its insurer.

23. Indeed, when JAS later contacted OTI's insurer, they were completely unaware of any claim.

24. Again, JAS made every effort to amicably resolve this matter with OTI. On February 15, 2017, OTI assured JAS that "We will have our insurance take care of it."

25. Notably, each and every email sent by OTI was from the domain "owenstruckmen.com" and signed on behalf of "Owens Truckman, Inc.".

26. However, when JAS finally made contact with OTI's insurer, JAS was advised that it was OLG which performed the services, not OTI, and OLG has no insurance for this claim.

27. OTI claims that OLG is a motor broker only, and not a carrier, and, therefore, has no responsibility for any cargo loss.

28. Both OTI and OLG operate out of the same office and have the same officers.

3

29. At all times, JAS communicated with OTI.

30. All documents provided to JAS to apply for services to be provided were submitted by "Owens Truckmen". This included a Certificate of Liability Insurance which named "Owens Truckmen" as the insured.

31. Despite all of this, Defendants claim that OTI had nothing to do with this transport.

32. All conditions precedent for maintaining the instant action have been met or waived.

## COUNT I – FRAUDULENT MISREPESENTATION

33. JAS repeats and re-alleges the allegations set forth in paragraphs 1 through 32.

34. Defendants represented to JAS that they, or their insurers would pay the claim asserted against JAS by JAS's customers.

35. Based upon Defendants' representations, JAS paid the claim brought by its customer.

36. Defendants made the representations with the understanding that JAS would rely upon same and pay the claim.

37. As a result of the misrepresentations, JAS has been damaged.

38. Defendants continually lied outright to JAS and at all times acted in a morally culpable manner with reprehensible motives.

39. As such, punitive damages are warranted to deter future behavior from defendants.

WHEREFORE, based on the foregoing, JAS prays that this Honorable Court enter judgment in favor of JAS, together with prejudgment interests, punitive damages and costs, and for such and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

40. JAS repeats and re-alleges the allegations set forth in paragraphs 1 through 32.

4

41. Defendants promised JAS on multiple occasions that they, or their insurer, would pay the claim.

42. Defendants breached these promises by failing to pay the claim, and, in fact, denying any responsibility for the claim.

43. As a result of these breaches, JAS has been damaged.

WHEREFORE, based on the foregoing, JAS prays that this Honorable Court enter judgment in favor of JAS, together with prejudgment interests, costs, and for such and further relief as this Court deems just and proper.

### COUNT III (ALTERNATIVE)
### BBREACH OF STATUTORY DUTIES UNDER THE ICC TERMINATION ACT
### (FORMERLY KNOW AS THE
### CARMACK AMENDMENT 49 U.S.C. SECTION 14706, et seq)

44. JAS repeats and re-alleges the allegations set forth in paragraphs 1 through 32.

45. In the alternative, JAS brings suit against Defendants under the Carmack Amendment.

46. OTI is a common carrier of goods for hire and as such owed a statutory duty to the shippers and consignees for whom they agreed to carry cargo.

47. OLG holds themselves out to the public and to JAS as a carrier and assuming responsibility as a carrier for the transport of the cargo.

48. In its relationship with JAS, OTI / OLG has always assumed responsibility as a carrier.

49. Defendants undertook to carry the subject cargo and accepted the subject cargo in good order and condition.

50. Defendants owed to JAS a non-delegable statutory duty to act in a commercially

5

reasonable manner to deliver the cargo in the same good order and condition as it was delivered.

51. Defendants breached its duty of care by failing to properly deliver the subject cargo.

52. As a result of this breach, JAS was damaged by having to pay the claim filed against it by its customer.

53. JAS fully paid the claim and is subrogated to all rights with respect to the subject shipment.

WHEREFORE, based on the foregoing, JAS prays that this Honorable Court enter judgment in favor of JAS, together with prejudgment interests, and costs, and for such and further relief as this Court deems just and proper.

Dated: May 15, 2017

SPECTOR RUBIN, P.A.

By: /s/ Andrew Spector
Andrew R. Spector (ARS-3887)
Continental Plaza
3250 Mary Street, Suite 304
Miami, Florida 33133
Tel: (305) 537-2000
Fax: (305) 537-2001
Andrew.spector@spectorrubin.com
*Attorneys for Plaintiff*